Justice Laurie McKinnon, dissenting.
*406 ¶40 I would reverse the District Court's denial of the writ of mandate ***282 on the basis that the Board had statutory authority to only grant or deny the petition. The petition before the Board was to abandon four-tenths of a mile of county road. The Board exceeded its statutory authority when there was no duly filed petition to create a county road but it nonetheless found Hughes Creek Road was a county road extending nearly 12 miles. While the Board was within its authority to grant or deny the petition for abandonment respecting the four-tenths section of the road, its findings respecting the remainder of the road were not statutorily authorized. The effect of the Board's actions were that Landowners did not have the opportunity to litigate in a court the existence, location, and conditions of the road, which has long been the practice in Montana. The unusual procedural posture of this case, and this Court's decision in Bugli I that a declaratory judgment by the District Court regarding the length of the road would undermine the Board's statutory authority over the road, do not preclude an evidentiary hearing before the District Court in an action for a writ of mandate. The provisions of Title 25, MCA, relative to trials apply to writs of mandate. Section 27-25-103, MCA.
¶41 The authority of county commissioners over county roads is statutory. County commissioners have the authority to grant or deny a petition to "establish, construct, change, abandon, or discontinue any county road in the district." Section 7-14-2601(1), MCA. Section 7-14-2602, MCA, outlines the contents of the petition, including the route, the affected landowners, whether the affected landowners consented, and the probable cost of the right-of-way if there is no consent. Next, a properly filed petition requires the county commissioners to investigate "the feasibility, desirability, and cost of granting the prayer of the petition." Section 7-14-2603(1), MCA. Following notice and public hearing, county roads are only abandoned by (1) operation of law; (2) judgment of a court of competent jurisdiction; or (3) the order of the board. Section 7-14-2615(1), MCA.
¶42 Here, rather than limiting itself to its statutory authority to grant or deny the petition to abandon four-tenths of a mile of county road, the Board went further and made "findings of fact" about the road's historical route, considered maps and other evidence purportedly establishing the road extended further onto Landowners' property, and described the effect of prior county commissioners' actions and court cases. The District Court reviewed the Board's hearing and determined the evidence overwhelmingly supported the Board's conclusion that the road was nearly 12 miles long. However, while it is within the commissioners' authority to create and abandon a county road, it is not within the current commissioners' authority to adjudicate what past ***283 commissioners have done. It has long been the practice in Montana for the existence, location, and conditions of a county road to be litigated in a court. Bugli I , ¶ 20. The District Court was obligated to hear Landowners' writ as a matter of first instance in a hearing. It was not the District Court's function to determine whether the Board's determination that the road extended nearly 12 miles was supported by substantial evidence.
¶43 While the Board clearly had authority to deny the petition to abandon four-tenths of a mile of county road, in my opinion the Board exceeded its authority when it addressed the remaining miles and determined that section was a county road as well. The Board's authority is limited by statute and confined to consideration of those petitions duly brought before it. There was no petition to classify the remaining portion of the 12-mile section. If past county commissioners previously deemed it a county road, its existence, location, and condition must be determined in court through application of the rules of evidence. Those rules of trial apply to writs of mandate, § 27-25-304, MCA, just as they do to declaratory judgment actions, quiet title actions, and other hearings.
¶44 Landowners are correct that the Board exceeded its authority in making "findings of fact" and a conclusion that the county road extends nearly 12 miles. The Board's authority is statutorily derived and was limited to granting or denying the petition *407 before it. I would reverse the District Court's denial of the writ of mandate and vacate the Board's "findings" that extend beyond the petition for abandonment.
¶45 To the extent the Court holds otherwise, I dissent.